**Roy C. TURNER, III and Breda Turner, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. LR-C-82-217.**

United States District Court,
E.D. Arkansas, W.D.

May 31, 1984.

Elizabeth Blaich, C. Douglas Buford, Wright, Lindsey & Jennings, Little Rock, Ark., for plaintiffs.

Lawrence Sherlock, Atty., Tax Div. Dept. of Justice, Washington, D.C., for defendant.

## SUMMARY JUDGMENT

EISELE, Chief Judge.

Both the plaintiffs and the defendant have moved for summary judgment, raising the same issue. Excellent briefs have been filed in support of these motions. There is no dispute as to the facts, and there are no cases, regulations or rulings which deal with the particular issue. The Court, therefore, concludes that the case can be decided on the motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and will grant the defendant's motion for the reasons given below.

Breda Turner, who is a citizen of Northern Ireland, lived in Brazil from 1972 until 1977. She married Roy C. Turner, III, an American citizen on September 10, 1976.

For taxable year 1976, Roy Turner filed a United States income tax return in August 1977, with the designated filing status of "married, filing separately." In September 1978, Roy and Breda Turner filed an election to file a joint income tax return for the year 1976, and remitted the additional tax due upon plaintiffs' worldwide income pursuant to section 6013(g) of the Internal Revenue Code (26 U.S.C.). In August 1979, the plaintiffs filed timely claims for refunds of $2,313.11, $1,113.00, and $410.00, for years 1975, 1976 and 1977, respectively. Those claims were disallowed by the Internal Revenue Service and this controversy arose.

The monetary question is whether plaintiffs can exclude from their joint income amounts received by plaintiff Breda Turner in 1976 from sources without the United States. Only if Breda Turner meets the requirements of section 911(a)(2) as it read in 1976 will the plaintiffs be entitled to the refund.

The applicable portions of former section 911 read as follows:

**Sec. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES**

**(a) GENERAL RULE.**—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle;

\*   \*   \*   \*   \*   \*

(2) **PRESENCE IN FOREIGN COUNTRY FOR 18 MONTHS.**—In the case of an individual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such 18 month period. The amount excluded under this paragraph for the taxable year shall be computed by applying the special rules contained in subsection (c).

The primary requirement of this provision is that the individual in question be physically present in a foreign country for at least 510 full days during any period of 18 consecutive months. The other requirement is that the individual be a United States citizen or a resident alien.

The parties agree that Breda Turner fulfills both of these requirements. The dispute between the parties centers around whether the requirements must be met at the same time.

The plaintiffs contend that Breda Turner qualifies for the exclusion because she was to be treated as a United States resident for the entire taxable year 1976 and because she was present in Brazil from October 1972 until February 4, 1977, a period which far exceeds 510 days. The government contends that Breda Turner does not qualify because she was a United States resident *and* present in Brazil only during the period January 1, 1976, through February 4, 1977, a period of 401 days.

The narrow issue before the Court is: whether a taxpayer must be a citizen or resident during all of the 510 days of an 18-month period to be entitled to the exclusion from income allowed by section 911(a)(2), as applicable in 1976.

The plaintiffs argue that the government's position—that the conditions must be met simultaneously—imposes a third requirement which the statute itself does not impose. The government asserts that its interpretation does not create a third condition, but that the condition is apparent from a straightforward reading of the language of the statute. Both parties argue that the plain language of the statute should control and each interprets that language to support its position.

The statute reads that it applies to "an individual citizen or resident of the United States who ... is present in a foreign country or countries during at least 510 full days ..." The Court finds that the ordinary meaning of this sentence is that in order to qualify for the section 911 exclusion one must be a citizen or resident while being present in the foreign country for 510 days.

The defendant makes an additional argument to support this interpretation with which the Court agrees. The Court adopts this portion from the defendant's brief as part of this opinion.

[The] plaintiffs' reading of the statute would treat individuals like Breda Turner better than long time citizens and residents. Ordinary taxpayers must spend a full 510 days in a foreign country before benefitting from the exclusion. Otherwise, their income for any period short of that time is subject to United States taxation. However, an individual such as Breda Turner would not have been subject to United States taxation before making an election under section 6013(g). As a nonresident alien such an individual has spent his entire life in foreign countries and would satisfy the 510 day requirement immediately upon making a section 6013(g) election. Thus, the individual could enjoy the benefit of the exclusion from his first day as a United States citizen or resident without being subject to United States taxation for the 510 day period. In other words, the 510 day requirement becomes meaningless. Since this could not be what Congress

intended, the Government's interpretation must be accepted.

It is therefore Ordered that the plaintiffs' motion for summary judgment be, and it is hereby, denied.

It is further Ordered that defendant's motion for summary judgment be, and it is hereby, granted, and the complaint filed herein is dismissed.